IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KIMBERLY GERMAIN,                                        CV. 09-6173

              Plaintiff,                          OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security Administration,

              Defendant.

ROBYN M. REBERS
McGinty & Belcher, Attorneys
P.O. Box 12806
Salem, OR 97309

      Attorney for Plaintiff

DWIGHT C. HOLTON
Acting United States Attorney
District of Oregon
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

STEPHANIE R. MARTZ
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

      Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Kimberly Germain seeks judicial review of the final decision of the Commissioner of Social Security finding that she was not entitled to a waiver of overpayment of disability insurance benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons that follow, this court affirms the decision of the Commissioner.

## BACKGROUND

Plaintiff was found disabled and eligible for disability benefits in October 1999, due to cerebral palsy and epilepsy. Plaintiff continued to try to work throughout her disability. Plaintiff completed a trial work period and then entered a 36-month extended period of eligibility (EPE).[1] 20 C.F.R. § 404.1592a. Plaintiff's EPE was from December 2000 to November 2003.

On November 7, 2000, the Social Security Administration (SSA) granted plaintiff's request for a waiver of an overpayment of disability benefits in the amount of $1,276.68. (Tr. 24.) On May 27, 2002, SSA again granted plaintiff's request for waiver of an overpayment in the amount of $835. (Tr. 25.) On July 25, 2002,

---

[1] An extended period of eligibility (EPE) permits the payment of benefits for any month that the work is not substantial, and where plaintiff's health problems continue to entitle her to benefits. 20 C.F.R. § 404.1592a. The EPE allows a disability recipient who engages in substantial gainful activity to be reinstated without having to file a new application. Id.

the SSA sent plaintiff a third notice of overpayment in the amount of $8. (Tr. 26.) It is unclear from the record whether plaintiff requested a waiver, received a waiver, or repaid the $8 overpayment. On April 22, 2003, the SSA sent plaintiff a Notice of Disability Cessation which explained that plaintiff again was overpaid, this time in the amount of $4,632.10. (Tr. 27.) The SSA also waived that overpayment at plaintiff's request. (Tr. 39.)

In May 2005, the SSA sent plaintiff a notice that her disability benefits were being terminated as of September 2003 because of her substantial work activity and that she was overpaid by $14,360.30.[2] (Tr. 53.) Accordingly, the SSA informed plaintiff that she must repay that amount. Plaintiff, for a fourth time, requested a waiver of liability. The SSA denied that waiver request, finding that she was not without fault in causing the overpayment. Plaintiff requested a hearing.

At the hearing before the ALJ, plaintiff insisted that she was entitled to a waiver of liability because she had reported her earnings to the SSA on a monthly basis. Plaintiff indicated that she understood the rules regarding the trial work period and the extended period of eligibility (EPE). Plaintiff also stated that following her EPE, she understood that her earnings over a certain amount would cause her to become ineligible for benefits. (Tr.

_____

[2]Plaintiff does not contest the fact or the amount of overpayment.

3 - OPINION AND ORDER

167.)  Plaintiff maintained, however, that she was unaware of the specific amount she could earn and still remain eligible for disability benefits.

Plaintiff reported that she inquired about whether she should be receiving disability checks, and that she was informed her case would be reviewed and someone would get back to her.  Plaintiff insisted that she believed she was entitled to accept the benefits because she was reporting her earnings.  No other witnesses testified at the hearing.

### ISSUES ON REVIEW

Plaintiff alleges the ALJ made two errors:  (1) the ALJ's determination that plaintiff was "not without fault" in causing the overpayment is not supported by substantial evidence; and (2) the ALJ failed to articulate specific reasons for the adverse credibility determination.

### STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record.   42 U.S.C. § 405(g); McCarthy v. Apfel, 221 F.3d 1119, 1125 (9th Cir. 2000), cert. denied, 532 U.S. 923 (2001).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Andrews v. Shalala, 53 F.3d

4 - OPINION AND ORDER

1035, 1039 (9th Cir. 1995); <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035 (9th Cir. 2007); <u>McCarthy</u>, 221 F.3d at 1125. The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. <u>Andrews</u>, 53 F.3d at 1039-40; <u>Valentine v. Comm'r Soc. Sec. Admin.</u>, 574 F.3d 685, 690 (9th Cir. 2009). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1156 (9th Cir. 2001).

<b><u>DISCUSSION</u></b>

**I.   <u>Standards.</u>**

The SSA must waive the repayment of benefit overpayments if the recipient sustains the burden of demonstrating that she was (1) without fault in causing the overpayments, and (2) the adjustment or recovery of the overpayments would either defeat the purpose of Title II of the Social Security Act, or be against equity and good conscience. 42 U.S.C. § 404(b); 20 C.F.R. § 404.508-12. <u>See also Lewin v. Schweiker</u>, 654 F.2d 631, 632 n.1 (9th Cir. 1981); <u>Anderson v. Sullivan</u>, 914 F.2d 1121, 1122 (9th Cir. 1990). In the context of benefit overpayments, fault may be found if: (1) the recipient makes a material statement that she "knew or should have known to be incorrect;" (2) fails to furnish information that she "knew or should have known to be material;" or (3) accepts a payment that

she "knew or could have been expected to know was incorrect."  20
C.F.R. § 404.507; <u>Anderson</u>, 914 F.2d at 1122.  In this case, the
relevant question is whether plaintiff accepted payments that she
knew or could have been expected to know were incorrect.

In determining whether a plaintiff is "without fault," the
ALJ must consider all pertinent circumstances, including the
recipient's age, intelligence, and any physical, mental,
educational or linguistic limitations. <u>Anderson</u>, 914 F.2d at 1123.
This determination is highly subjective and depends upon the
individual circumstances presented in each case.  <u>Albalos v.</u>
<u>Sullivan</u>, 907 F.2d 871, 873 (9th Cir. 1990).  The fact that the SSA
may have been at fault in making an overpayment does not relieve
the recipient from liability if she is not without fault.  20
C.F.R. § 404.507; <u>Anderson</u>, 914 F.2d at 1122.

II.  **The ALJ's Finding That Plaintiff Was Not Without Fault Is**
     **Supported by Substantial Evidence.**

The Commissioner submits that through the process of receiving
waivers of previous overpayments, plaintiff knew or could have been
expected to know that her earnings were above the threshold for
"substantial gainful activity."  Plaintiff maintains that she is
without fault because she kept the SSA informed of her earnings on
a monthly basis and attempted to verify with the SSA office that
she was still entitled to SSA checks.

This case turns on the undisputed evidence that plaintiff successfully sought and received *three* previous waivers of liability.   The ALJ concluded that "[d]uring these proceedings [plaintiff] was informed of the impact of work activity after her extended period of eligibility."   This conclusion is amply supported by substantial evidence in the record.

For example, the record contains a Notice of Disability Cessation dated April 22, 2003 from the SSA which states that plaintiff was overpaid by $4,632.10 in March 2001, May 2002 through August 2002, and January 2003 through March 2003 because of her substantial work activity. (Tr. 27-37.)   To be sure, the letter advises plaintiff that she may have to repay benefits in the future and that she should inform the SSA of changes in her work or pay status.   The letter further informs plaintiff how to obtain additional information over the internet or phone.   Plaintiff's request for a waiver of the overpayment was granted in November 2003.  (Tr. 39-40.)

Plaintiff submits that she cannot be held responsible for understanding the complicated work rules or the definition of "substantial gainful activity" because the record does not contain that specific information.   I find this argument disingenuous.

First,  plaintiff was informed at the latest by April 2003, that her substantial work in certain months rendered her ineligible for benefits and she was advised how to obtain additional

information should she need it. (Tr. 27.) Second, plaintiff presented no evidence to the ALJ that she was unable to understand or apprise herself of the rules due to her age, intelligence, or any other limitation. Cf. Albalos, 907 F.2d at 872-73 (ALJ required to make findings concerning the individual circumstances in overpayment case where record showed plaintiff had sixth grade education and spoke in his native Philippine language). Third, plaintiff testified at the hearing that she understood that following her EPE, her earnings over a certain amount would cause her to become ineligible for benefits. (Tr. 167.) And fourth, as the ALJ determined, plaintiff successfully navigated the requisite rules to obtain three prior overpayment waivers.

Plaintiff's contention that she was without fault in causing the overpayment because she continued to report her earnings also misses the mark. While it is unfortunate that it took the SSA many months to discover that plaintiff was no longer eligible for benefits, the fact that the SSA may have caused the overpayment does not relieve her liability if she is not without fault. 20 C.F.R. § 404.507.

As the record indicates, plaintiff was informed that her work activity may impact her ability to remain eligible for disability benefits. Accordingly, I conclude that plaintiff has failed to sustain her burden of demonstrating that she was without fault in causing the overpayments. The ALJ's determination that plaintiff

was not without fault because she either knew or could have been expected to know that the payments she received were incorrect is supported by substantial evidence and reasonable inferences drawn from the record as a whole. <u>Edlund</u>, 253 F.3d at 1156; <u>Batson v. Comm'r of Soc. Security Admin.</u>, 359 F.3d 1190, 1193 (9th Cir. 2004).

## II.  **The ALJ's Credibility Determination is Sufficient**.

Where the claimant's credibility is a critical factor in the ALJ's "without fault" decision, an implicit credibility determination is insufficient. <u>Albalos</u>, 907 F.2d at 873. The ALJ must make specific findings, articulating the reasons for disbelieving a claimant's testimony. <u>Id.</u>; <u>Lewin</u>, 654 F.2d at 635.

Plaintiff contends that the decision is in error because the ALJ failed to articulate specific reasons for the adverse credibility determination. I disagree.

Here, the ALJ specifically noted that "in spite of [plaintiff's] successes" in obtaining three prior overpayment waivers, plaintiff claimed the rules regarding work were not adequately explained. Then, after a discussion of plaintiff's work and earnings history (which plaintiff does not dispute), the ALJ concluded that "the fully developed record is at odds with the claimant's allegations of not understanding adequately Social Security Administrative rules."

I conclude that the ALJ adequately explained her credibility determination. Here, the ALJ expressly concluded that plaintiff's

statements that she did not understand the rules regarding substantial work were contradicted by her ability to seek and obtain *three* prior waivers of overpayments.  As noted above, plaintiff does not dispute that she received three prior waivers, or that she had earnings well above the substantial gainful activity level during several months between 2000 and 2006.  A more detailed analysis was not required in this circumstance.  Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005)(noting that an ALJ may engage in ordinary techniques of credibility evaluation, such as inconsistencies in testimony); Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008)(same).

### CONCLUSION

Based on the foregoing, the Commissioner's final decision is AFFIRMED, and this action is DISMISSED.

IT IS SO ORDERED.

DATED this _19_ day of FEBRUARY, 2010.

_/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge